**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RALPHIEL MACK,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 17-3434 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion") by Petitioner Ralphiel Mack, challenging a sentence imposed by this Court in *United States v. Mack*, No. 12-cr-0795, ECF No. 205 (D.N.J. entered June 3, 2014) ("Crim. Dkt."), for conspiracy/attempt to commit extortion and accepting a bribe. Respondent filed an answer (ECF No. 4), and Petitioner did not reply. For the reasons stated below, the Court denies the Motion.

    Petitioner, along with his brother Tony Mack—the former Mayor of Trenton, were the subjects of a public corruption sting operation that ultimately resulted in criminal charges and convictions against them. The details of their crimes are not relevant to the instant Motion; suffice it to say that Petitioner was found guilty of conspiracy and attempt to commit extortion, in violation of 18 U.S.C. §§ 1951(a) & (b)(2), and accepting a bribe, in violation of 18 U.S.C. § 666(a)(1)(B). The Third Circuit affirmed both the conviction and sentence in *United States v. Mack*, 629 F. App'x 443 (3d Cir. 2015).

The Motion raises three grounds for relief: (1) the prosecution committed prosecutorial misconduct by persuading the grand jury to indict Petitioner because his conduct did not satisfy the elements of the crimes; (2) trial counsel was ineffective for failing to challenge the indictment on the ground that Petitioner's conduct did not meet the elements of the crimes; and (3) appellate counsel was ineffective for failing to move to stay his appeal pending the Supreme Court's decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), which Petitioner asserts was materially relevant to his case. The Court rejects Petitioner's claims.

A. **Ground One**

With regard to Ground One, Petitioner argues that the government committed prosecutorial misconduct by persuading the grand jury to indict him. That, however, was the very purpose of the grand jury proceeding: the opportunity for the government to persuade a grand jury that there was probable cause to believe that Petitioner committed the charged offenses. *See United States v. Mandujano*, 425 U.S. 564, 573 (1976) ("The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes." (citation omitted)). Petitioner essentially challenges the grand jury's decision to indict him, but if the grand jury did not believe that his conduct met the elements of the offenses, it would not have indicted him. Petitioner, however, did not allege improper behavior by the government during the grand jury proceeding and the Court, accordingly, does not find prosecutorial misconduct. Here, the Court cannot find that the government behaved inappropriately by following the proper procedures under the law.

To the extent Petitioner argues that the government did not have probable cause to initiate the prosecution against him, again, the existence of the grand jury was designed to eliminate that outcome. "An indictment fair upon its face, and returned by a properly constituted grand jury . . .

2

conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged." *Kaley v. United States*, 134 S. Ct. 1090, 1097 (2014) (internal quotation and citation omitted); *see Goodwin v. Conway*, 836 F.3d 321, 329 (3d Cir. 2016) (holding that a grand jury indictment "constitutes prima facie evidence of probable cause to prosecute" (citation omitted)). Petitioner appears to imply that the government indicted him; on the contrary, the grand jury did. Courts have "no authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof." *Kaley*, 134 S. Ct. at 1097 (citation omitted). As such, the Court finds that Petitioner has failed to state a claim of prosecutorial misconduct, and relief on this ground is denied.

**B.** **Ground Two**

In Ground Two, Petitioner alleges that trial counsel was ineffective for failing to move to dismiss the case pretrial because there was no evidence to support that Petitioner's conduct satisfied the elements of the crimes. Specifically, Petitioner argues that because he was not a government official, he cannot be found guilty of the crimes charged. The Court rejects this claim.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions

3

of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[1] To establish prejudice, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

Petitioner's claim fails both prongs of the *Strickland* test because the crux of his argument is meritless. Contrary to his contention, § 1951(a) does not require a defendant to be a government official. It punishes anyone who extorts "or *attempts or conspires so to do*, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section." 28 U.S.C. § 1951(a) (emphasis added). With regard to § 666(a)(1)(B), the statute requires the offender to be "an *agent* of an organization, or of a State, local, or Indian tribal government, or any agency thereof[.]" 18 U.S.C. § 666(a)(1) (emphasis added). Neither of these statutes requires the offender to be an actual government official. Indeed, as the Supreme Court found, "the present statutory text [of § 1951] . . . encompasses conduct by a private individual as well as conduct by a public official[.]" *Evans v. United States*, 504 U.S. 255, 263-64 (1992). "A private citizen may be convicted of extortion under [§ 1951(a)] if that private citizen either conspires with, or aids and abets, a public official in the act of extortion." *United States v.*

---

[1] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

4

*Manzo*, 636 F.3d 56, 61 n.3 (3d Cir. 2011) (internal quotation and citation omitted). Likewise, the Supreme Court has long held that a private party may act as an agent of the government. *See, e.g., Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 614 (1989). The word "agent" itself makes no distinction as to whether the individual is a private person or a government official, so long as he or she acts on behalf of the government. *See Henderson v. Fisher*, 631 F.2d 1115, 1118 (3d Cir. 1980); *Agent,* Black's Law Dictionary Free Online Dictionary (2nd ed. 2018), https://thelawdictionary.org/agent/ (defining "agent" as simply "[o]ne who represents and acts for another"). Petitioner cites no authority for his construction of either statute. Because the substance of his claim is without merit, counsel was not ineffective for not raising a meritless claim, and Petitioner suffered no prejudice regardless. Relief on this ground, therefore, is denied.

### C. Ground Three

In Ground Three, Petitioner argues that appellate counsel was ineffective for failing to move to stay his appeal pending the Supreme Court's decision in *McDonnell v. United States*, 136 S. Ct. 2355 (2016), which he asserts was materially relevant to his case. The Court has reviewed *McDonnell*, and fails to see its relevance to the instant matter. In *McDonnell*, the defendant, a former governor of Virginia, received over $175,000 in gifts and loans from a private business owner, who wanted the state's well-regarded public universities to conduct research on the business's nutritional supplement product in an effort to obtain FDA approval. To aid the business owner, McDonnell arranged meetings, hosted events, and contacted other state officials regarding the owner's desires, but never explicitly ordered the state universities to conduct any such research, nor pressured any officials to make any such decision. *Id.* at 2361-64.

McDonnell was convicted of Hobbs Act extortion and honest services fraud offenses, similar to Petitioner's convictions. The Supreme Court reversed and remanded, finding that

5

merely facilitating communication between private citizens and public officials, standing alone, was not an "official act" required by federal law. *Id.* at 2372. "There is no doubt that this case is distasteful; it may be worse than that. But our concern is not with tawdry tales of Ferraris, Rolexes, and ball gowns. It is instead with the broader legal implications of the Government's boundless interpretation of the federal bribery statute." *Id.* at 2375.

Petitioner fails to explain the relevance of *McDonnell* to his case. As the indictment made clear, Mayor Mack did far more than just facilitate communications. In exchange for cash payments, he directed city officials to make an offer to sell a piece of city real estate for much less than market value to a developer—in fact, the offered sales price was even less than the amount the developer had originally proposed for the property—in a blatant attempt to divert money from the city's coffers to himself. (Indictment 4-5, Crim. Dkt., ECF No. 26.) Petitioner was an intermediary who accepted the cash bribes on the Mayor's behalf in furtherance of the conspiracy. (*Id.* at 5.) Indeed, the government produced evidence of the offer to sell below market value at trial, consistent with the charges in the indictment. (*See* Trial Tr. 186:13-25, Feb. 6, 2014, Crim. Dkt., ECF No. 178.) Unlike *McDonnell*, the Mack brothers did not merely facilitate communications. They extorted and accepted bribes in exchange for official action that directly benefitted them individually at the expense of the city and its taxpayers. This more than met the definition of official action, even in light of *McDonnell*.[2] As such, the Court finds that appellate counsel was not ineffective for failing to move for a stay because *McDonnell* had no relevance to this case. The Court further finds that even if a stay was requested, it would have been denied. Relief on this ground, therefore, is denied.

---

[2] To the extent Petitioner argues that he did not take official action, the Court notes that § 1951(a) punishes any conspirators as well as the actor, which is exactly what Petitioner was convicted of.

6

D. **Certificate of Appealability**

Lastly, the Court denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A Petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 5/9/18

7